**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAYKEL VAILLANT ARREBATO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1761-PRW** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Maykel Vaillant Arrebato, a citizen of Cuba proceeding *pro se*,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background and Procedural History

Petitioner is a native and citizen of Cuba. (Doc. 7, at Ex. 1, at 1). On March 17, 2021, Petitioner entered the United States without inspection near San Luis, Arizona, where he was apprehended by U.S. Border Patrol agents. (*Id.* at 2). After an asylum officer found that Petitioner had demonstrated a credible fear of persecution or torture, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA") placing him in standard removal proceedings as "an alien present in the United States who has not been admitted or paroled." (Doc. 7, at Ex. 6, at 1). On June 15, 2021, Petitioner was released from ICE custody on an $8,500 bond. (Doc. 1, at Ex. 1, at 2-3; Doc. 7, at Ex. 1, at 2). Petitioner then filed an application for asylum and withholding of removal. (Doc. 7, at Ex. 7, at 1).

In September 2022, after Petitioner was arrested for theft in Arlington, Texas, ICE again took him into custody on a Warrant for Arrest of Alien issued under 8 U.S.C. § 1226. (Doc. 7, at Ex. 8, at 1-2; Doc. 7, at Ex. 9). On October 25, 2022, ICE released Petitioner on an Order of Release on Recognizance under § 1226. (Doc. 7, at Ex. 10, at 1). An Immigration Judge ordered Petitioner removed *in absentia* on May 23, 2024, but later granted Petitioner's motion to reopen his removal proceedings. (Doc. 7, at Ex. 11, at 1-2; Doc. 7, at Ex. 12, at 3).

On December 19, 2025, police in Carrollton, Texas, arrested Petitioner for possession of a controlled substance and evading arrest or detention, and ICE lodged a

detainer. (Doc. 7, at Ex. 1, at 2-3). The possession charge was dismissed, and Petitioner was convicted of misdemeanor evading arrest or detention and sentenced to 60 days of confinement. (*Id.* at 4). On May 23, 2026, ICE took Petitioner into custody in Dallas, Texas, on a Warrant for Arrest of Alien issued under § 1226. (Doc. 7, at Ex. 2, at 1). Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

On July 13, 2026, an Immigration Judge ordered Petitioner removed to Cuba. (Doc. 7, at Ex. 13, at 1, 3). Petitioner timely appealed to the Board of Immigration Appeals ("BIA"). (Doc. 9, at Ex. 1, at 1). That appeal remains pending. (Doc. 9, at 2).

## II. Petitioner's Claims and Respondents' Response

Petitioner asserts that his detention has been unconstitutionally prolonged in violation of the Fifth Amendment. (Doc. 1, at 6). Petitioner also identifies the decision he challenges as "the denial of the bond hearing by the immigration court." (*Id.* at 2) (citation modified). As relief, Petitioner requests immediate release or, alternatively, a bond hearing at which the Government must prove by clear and convincing evidence that his continued detention is necessary. (*Id.* at 8).

Respondents argue the Petition should be denied because Petitioner "does not allege any statutory violations related to the INA" and offers only a conclusory due process claim. (Doc. 7, at 4). Applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), Respondents contend that Petitioner's liberty interest is limited, that he has not shown a risk of erroneous deprivation because his detention is not indefinite and his removal proceedings are moving forward, and that the Government's sovereign interests in immigration enforcement weigh

against relief. (Doc. 7, at 4-7). Respondents do not identify the statute under which they are detaining Petitioner. *See generally* (Doc. 7).

**III. Standard of Review**

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Section 1226(a) Governs Petitioner's Detention, and He Is Entitled To a Bond Hearing.**

The Petition challenges Petitioner's detention without a bond hearing. (Doc. 1, at 2, 8). Petitioner does not invoke a particular detention statute, and Respondents do not identify one. But "because the legality of Petitioner's continued detention depends upon the source of the Government's detention authority," the undersigned must identify the statutory basis for Petitioner's detention as a threshold matter. *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026). Thus, even though Petitioner frames his claim in due process terms, the statutory basis for detention must be identified because the statute that authorizes Petitioner's detention also defines the process he is due. *See id.* at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected.").

Because Petitioner's appeal to the BIA remains pending, his removal order is not administratively final. *See* 8 U.S.C. § 1101(a)(47)(B) (a removal order becomes

administratively final "upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]"); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals; (b) Upon waiver of appeal by the respondent; (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time . . . ."). Before a removal order becomes administratively final, the detention of a non-citizen in removal proceedings is governed by 8 U.S.C. § 1225 or § 1226.[3]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." *Id.* at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[4]

---

[3] "After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014).

[4] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's due process claim, particularly as it would result in the same relief. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by October 30, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court advises the parties that failure to make timely objection to this Report

---

639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be

and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 23rd day of October, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").